IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

'2012 MAR 12 A 11: 52

CLERK'S OFFICE
AT BALTIMORE

| | | |
|---|---|---|
| JOHN McCOLLIGAN, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-11-1874 |
| WARDEN, | * | |
| Defendants | * | |

***

## MEMORANDUM

After receiving state prisoner John McColligan's correspondence wherein he stated he was in danger and sought solely injunctive relief (ECF No. 1), the court directed the Maryland Attorney General to file a show cause response. ECF No. 2. The court noted counsel's response would constitute neither acceptance on behalf of any named defendants, nor waiver of any arguable defenses. The Maryland Attorney General responded and plaintiff replied. ECF Nos. 3 & 4. The court directed the Maryland Attorney General to supplement its response concerning the outcome of the investigation of plaintiff's claims. ECF No. 5. Plaintiff was advised of his right to file a reply to defendant's response. ECF Nos. 7 & 8. The court is in receipt of the government's supplemental response and plaintiff's reply. ECF Nos. 6 and 9. Upon review of papers filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

For the following reasons, the court finds emergency injunctive relief is unwarranted and emergency relief will be DENIED and plaintiff's complaint dismissed.

### I.   BACKGROUND

McColligan a self-represented inmate, initiated these proceedings by claiming that he has acted as an informant regarding gang activity within the Baltimore City Detention Center and various Maryland prisons since 2007. He states that he has acted as an informant to various law enforcement entities, including the FBI. He states that, due to his activities, prison gangs including the Black Guerilla Family ("BGF") and Dead Man Inc. ("DMI") seek to kill him. ECF No. 1.

The uncontroverted evidence indicates plaintiff was transferred to Western Correctional Institution (WCI) on April 21, 2011. At his case management review on May 4, 2011, he advised staff he wished to remain in general population and did not want to be housed on administrative segregation or protective custody status. ECF No. 3, Ex. 1. He executed a waiver indicating he had no known enemies at WCI and could safely be housed in population. *Id.* Plaintiff indicates that after executing the waiver he observed several DMI members who knew he was an informant. He states that he then attempted to "check in" on protective custody, but was advised that was not permissible. ECF No. 4.

Plaintiff's claims that he had assisted the FBI and other law enforcement agencies were investigated. It was determined that plaintiff had himself authored a letter he claimed he intercepted from the BGF which purported to give orders for staff to be murdered for interfering with gang activities. Once it was determined that plaintiff had authored the letter none of the law enforcement agencies were willing to work with him. ECF No. 3. It was also noted that plaintiff had turned over a homemade weapon to staff at his prior place of incarceration and may have provided undisclosed "sensitive" information to staff. *Id.* Plaintiff admits that he wrote the letter in order to get the attention of law enforcement because he feared for his safety. ECF No. 4. He states that once he "got to safety" he told the truth.[1] *Id.* After investigating plaintiff's claims of cooperation, including contacting employees at his prior place of incarceration, and reviewing his base file, James Wilson, plaintiff's case manager, opined that plaintiff was not trustworthy and his conduct was an effort to manipulate his housing assignment. ECF No. 3.

Evidence before the court further demonstrates that plaintiff has no known enemies housed at WCI. ECF No. 3, Ex. 1. On July 20, 2011, however, plaintiff was placed on administrative

---

[1] Plaintiff indicates his father is a former law enforcement official. ECF No. 4.

2

segregation pending investigation of his continued claims regarding his personal safety. *Id.* Case Management Specialist Douglas DeVore avers that no information has been found to substantiate plaintiff's claims of cooperation. DeVore further avers that if evidence is discovered substantiating plaintiff's claims, steps will be taken to protect plaintiff at WCI, transfer him to another facility, or pursue an Interstate Corrections Compact transfer. ECF No. 6, Ex. 1.

## II. STANDARD OF REVIEW

A preliminary injunction is an extraordinary and drastic remedy, see *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008), requiring a movant to demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 130 S. Ct. 2371 (2010), *reinstated in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010) (per curiam).

After considering McColligan's claims and counsel's response, the court concludes that McColligan fails to show he is likely to suffer irreparable harm without emergency injunctive relief. Plaintiff's allegations have been investigated by staff. Defendant has uncovered no evidence to show that plaintiff has acted as an informant and is therefore the target of a gang hit. Plaintiff's failure to make a clear showing of irreparable harm is, by itself, a ground upon which to deny injunctive relief. *See Direx Israel, Ltd. v. Breakthrough Medical Corporation*, 952 F.2d 802, 812 (4th Cir. 1992.) The irreparable harm must be "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989); *see also Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983). As of the filing of the court-directed

supplemental response, he is housed on administrative segregation and his claims remain under investigation. None of plaintiff's known enemies are housed at WCI. There is no evidence plaintiff is the subject of a gang hit. All efforts have been taken to insure his safety. Under these circumstances, the court finds injunctive relief is not warranted.

Additionally, a review of the Maryland Department of Public Safety and Correctional Services (DPSCS) Inmate Locator reveals that plaintiff is currently housed at the Eastern Correctional Institution.[2] DPSCS employees have confirmed same to court personnel. "'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "'The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *Id.* (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)). An actual controversy must exist at all times while the case is pending. *See Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). Where developments occurring during the course of a case prevent the court from being able to grant the relief requested, the case must be dismissed. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968). Indeed, "[w]here on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary juridical pronouncements on even constitutional issues obtained..." *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990).

The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Williams v. Griffin*, 952 F.2d

---

[2] *See* http://www.dpscs.state.md.us/inmate/

4

820, 823 (4th Cir. 1991); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear that plaintiff is no longer housed at WCI, his request for injunctive relief has been rendered moot. Consequently, the instant complaint for injunctive relief shall be dismissed. A separate Order follows.

March 9, 2012
Date

James K. Bredar
United States District Judge